IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2017 at Knoxville

**STATE OF TENNESSEE v. MICHELLE D. SHOEMAKER**

**Appeal from the Criminal Court for Jackson County**
**No. 02-160    John D. Wootten, Jr., Judge**

_____

**No. M2017-00026-CCA-R3-CD**

_____

The defendant, Michelle D. Shoemaker, appeals from the entry of an amended judgment granting her 370 days of pretrial jail credit. The basis for the defendant's appeal is her allegation that the trial court erred in calculating her jail credits and that she is actually entitled to 520 days of pretrial credit. Following our review, we conclude that the defendant failed to state a colorable claim and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, PJ., and ROBERT W. WEDEMEYER, J., joined.

Michelle D. Shoemaker, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2005, the defendant was convicted of first degree murder, conspiracy to commit first degree murder, solicitation of first degree murder, and tampering with evidence for which she received an effective sentence of life in prison. On September 30, 2005, the defendant field a "Motion for Pretrial Jail Credits" citing Tennessee Code Annotated sections 40-23-101(a) and 40-23-101(2)(c) and claiming she was entitled to 520 days of pretrial jail credit. Based on the record before this Court, no action was taken in response to the defendant's initial motion. Then, on February 22, 2015, the defendant filed a "Motion to Amend Judgment to Award Pretrial Jail Credits." While the record is void of a response from the State or any indication that a hearing occurred concerning the

defendant's motion, the trial court entered amended judgments on November 21, 2016, awarding the defendant 370 days of pretrial credit. On December 17, 2016, the defendant filed a notice of appeal.

On appeal, the defendant contends she has been deprived of 150 days of pretrial credit. The State argues the defendant's claims do not entitle her to relief under Tenn. R. Crim. P. 36.1. Upon review of the record and the briefs, we agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

Initially we note that the defendant's filings in the trial court and her initial brief to this Court do not cite to Tennessee Rules of Criminal Procedure 36.1. However, the defendant does cite Rule 36 in her reply brief in this Court and in response to the State's claim she does not have an appeal as of right from the entry of the amended judgments. Because the record before this Court is silent as to how the trial court treated and/or considered the defendant's motion, we will, based on the defendant's reply brief, consider the defendant's appeal as an appeal from the denial of motion to correct an illegal sentence pursuant to Rule 36.1.

In *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), the Tennessee Supreme Court addressed the issue of whether the failure to award pretrial jail credits constituted a "colorable claim" for the purpose of Rule 36.1. *Id.* at 212. The Court observed that while "pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." *Id.* (emphasis in original). The Court opined that a litigant wishing to challenge the award of pretrial jail credits was entitled to raise the issue on direct appeal. *Id.* at 212-213. However, the Court ultimately concluded that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Id.* at 213 (emphasis in original). To the extent the defendant contends her sentence was illegal due to the improper or insufficient

application of pretrial jail credits, she has not asserted a colorable claim under Rule 36.1 and is not entitled to relief.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE